IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER DOTY, | ) | |
|     Plaintiff | ) | C.A. No. 13-60 Erie |
| | ) | |
| v | ) | Chief Judge Conti |
| | ) | Magistrate Judge Baxter |
| BARRY SNYDER, et al., | ) | |
|     Defendants | ) | |

## AMENDED
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that:

1. The motion to dismiss filed on behalf of Defendants Judge Garhart, Zinchini, Wood, Wolbert, Yochim, Stainbrook, Territo, Spizarny, Warren, K. Scarpitti, Sheely, and Romecki [ECF No. 29] be granted;

2. The motion to dismiss filed on behalf of Defendant Thompson [ECF No. 43] be granted;

3. The motion to dismiss filed on behalf of Defendants Snyder, DiLullo, Smith, and Doe [ECF No. 47] be granted; and

4. The motion to dismiss filed on behalf of Defendants Connelly, Bingle, Bickel, Fryling, and A. Scarpitti [ECF No. 50] be granted.

It is recommended further that the claims against Defendant Crosby be dismissed as frivolous pursuant to 28 U.S.C. §1915(e).

By virtue of the foregoing, this case should be dismissed in its entirety and be marked closed.

1

## II.    REPORT

### A.    Relevant Procedural History

On February 20, 2013, Plaintiff Christopher Doty, an inmate incarcerated at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"), initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint on April 2, 2013, which is deemed to have superseded the original complaint and is the operative pleading in this case [ECF No. 16].

Named as Defendants in the amended complaint are: Detective Barry Snyder ("Snyder"), Detective Dominic DiLullo ("DiLullo"), Officer David Smith ("Smith"), and unidentified Officer John Doe ("Doe"), all of the City of Erie Police Department; Erie County Assistant District Attorneys Erin C. Connelly ("Connelly") and Brandon J. Bingle ("Bingle"); the Honorable John P. Garhart of the Erie County Court of Common Pleas ("Judge Garhart"); Attorney Kenneth A Bickel ("Bickel"); Erie County Assistant Public Defenders Tina M. Fryling ("Fryling") and Alison Scarpitti ("A. Scarpitti"); Gregory L. Crosby, Jr. ("Crosby"); Lionel Hamer, III ("Hamer"); Shawnta L. Buckner ("Buckner"); Erie County jury panel members Carissa Zinchini ("Zinchini"), Pamela Wood ("Wood"), Cheryl Wolbert ("Wolbert"), Walter Yochim ("Yochim"), Craig Stainbrook ("Stainbrook"), Joseph Territo, Jr. ("Territo"), Delaine Spizarny ("Spizarny"), Leesl Warren ("Warren"), Kellie Scarpitti ("K. Scarpitti"), Stephanie Milford ("Milford"), Madeline Sheely ("Sheely"), and Robert Romecki ("Romecki") (collectively referred to as "jurors"); and Erie Times News Publisher Lisa Thompson ("Thompson"). Defendants Hamer, Buckner, and Milford have since been dismissed from this action due to

Plaintiff's failure to serve them with the complaint in this matter. (See Order dated October 7, 2013, ECF No. 62). Defendant Crosby was served with the complaint (See ECF No. 21), but has not filed a response nor has an attorney entered an appearance on his behalf.

In his amended complaint, Plaintiff alleges that Defendants participated in his false arrest and imprisonment in violation of his constitutional rights, in the follows ways: (i) on April 24, 2008, Defendants Snyder and DiLullo interviewed him while he was under the influence of drugs and alcohol and did not have sufficient evidence to bring criminal charges against him. (ECF No. 16, Amended Complaint, at ¶ 6); (ii) on April 24, 2008, Defendants Smith and Doe failed to secure the crime scene and failed to obtain proper identification from a witness (Id. at ¶ 9); (iii) From January 15, 2009 through January 20, 2009, Defendant Judge Garhart did not have sufficient evidence to charge him with aggravated assault and conspiracy to commit aggravated assault and allowed a witness to provide false testimony (Id. at ¶ 12); (iv) from April 24, 2008 through January 20, 2009, Defendant Connelly had no evidence to charge him with aggravated assault and conspiracy to commit aggravated assault and allowed a witness to provide false identification to the police and to testify under a false name (Id. at ¶ 15); (v) on or about November 27, 2012, Defendant Bingle knowingly allowed a witness to testify under a false name and to lie under oath (Id. at ¶ 18); (vi) from April 24, 2008 through January 24, 2009, Defendant A. Scarpitti represented the co-defendant at Plaintiff's criminal trial without disclosing that she is related to Defendant K. Scarpitti, who was one of the jurors (Id. at ¶ 21); (vii) on or about April 24, 2008, Defendant Bickel provided ineffective counsel because he failed to bring to the court's attention that a witness was testifying under a false name and that Defendant Scarpitti knew one

of the jurors (Id. at ¶ 24); (viii) on or about September 6, 2009, Defendant Fryling filed a brief on his behalf but failed to prove his innocence and failed to disclose relevant information (Id. at ¶ 27); (ix) on or about April 24, 2008, Defendant Crosby was one of the individuals who committed the assault that Plaintiff was wrongly charged with taking part in (Id. at ¶ 30); and (x) on or about January 15, 2009, Defendants Spizarny and K. Scarpitti allegedly disclosed to the other Defendant jurors information regarding Plaintiff's alleged criminal conduct that they allegedly obtained either on their own or through their alleged relationships with one or more members of the Erie County District Attorney's office. The amended complaint makes no allegations or claims against Defendant Thompson. As relief for his claims, Plaintiff seeks monetary damages.

On May 23, 2013, Defendant Judge Garhart and the Defendant jurors filed a motion to dismiss [ECF No. 29] arguing that Plaintiff's claims against them should be dismissed because they are barred by the applicable statute of limitations, the doctrine of judicial immunity, and/or Heck v. Humphrey, 512 U.S. 477 (1994). Defendant Thompson filed her own motion to dismiss on June 17, 2013 [ECF No. 43], arguing that Plaintiff has waived his original claims against her because he failed to include them in his amended complaint or, alternatively, that the claims are barred by the applicable statute of limitations and fail to state a cause of action in any event. On June 19, 2013, Defendants Snyder, DiLullo, Smith and Doe filed a motion to dismiss [ECF No. 47], arguing that Plaintiff's claims against them should be dismissed in their entirety because they are barred by the applicable statute of limitations and/or Heck. On June 24, 2013, Defendants Connelly, Bingle, Bickel, Fryling, and A Scarpitti filed a motion to dismiss [ECF No. 50],

arguing, *inter alia*, that Plaintiff's claims against Defendants Connelly and Bingle are barred by absolute prosecutorial immunity, his claims against Defendants A. Scarpitti, Bickel and Fryling are not cognizable under Section 1983 because they are not state actors, and all claims should be dismissed in any event because they are barred by Heck and/or the statute of limitations. Plaintiff has filed two briefs in opposition [ECF Nos. 32, 35], and filed another document purporting to be a brief in opposition, but instead is a restatement of his amended complaint [ECF No. 54].[1]

This matter is now ripe for consideration.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

---

[1] Plaintiff also filed a document entitled "U.S. Civil Complaint for Monetary Relief" [ECF No. 63], which this Court does not recognize as a formal pleading because leave of court was neither requested nor granted to file another amendment to the complaint in this matter. Accordingly, the motions to dismiss this document filed by Defendant Thompson [ECF No. 66] and Defendants Bickel, Bingle, Connelly, Fryling, and A.Scarpitti [ECF No. 67] will be

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court

---

dismissed as moot in conjunction with the filing of this Report and Recommendation.

> should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original complaint was filed as an attachment to a motion to proceed *in forma pauperis* on February 20, 2013; however, the complaint was apparently signed by Plaintiff on February 13, 2013. (See ECF No. 3, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat February 13, 2013, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998)(in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim

8

concerning an injury of which Plaintiff "knew or should have known" prior to February 13, 2011, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint that the last incident on which Plaintiff is basing his claim(s) against each Defendant, other than Defendant Bingle, occurred well before February 13, 2011. Specifically, Plaintiff's claims against Defendants Snyder, DiLullo, Smith, and Doe relate back to the date of his arrest on April 24, 2008, the claims against Defendants Judge Garhart, Connelly, A.Scarpitti, Bickel, and the Defendant jurors all relate to conduct that allegedly occurred on or before January 20, 2009, and Defendant Fryling's allegedly wrongful conduct occurred on September 6, 2009. In addition, although Plaintiff is deemed to have waived his claims against Defendant Thompson because he failed to restate the same in his amended complaint, even if he had restated such claims, they relate to conduct that occurred, at the latest, on January 21, 2009 (See ECF No. 3, Complaint, at pp. 17-18]. Since it is clear that all of the Plaintiff's claims against the foregoing Defendants relate to conduct that allegedly occurred well before the statutory cutoff date of February 13, 2011, Plaintiff's claims against said Defendants are barred by the applicable statute of limitations and should be dismissed.[2]

### 2. Defendant Bingle

The only Defendant against whom Plaintiff asserts a claim that is not untimely on its face is Defendant Bingle. According to Plaintiff, Defendant Bingle disclosed on November 27, 2012,

---

[2] Since Plaintiff's claims are untimely, there is no need to address any of the other arguments raised in said

that he knew that a witness who testified against Plaintiff at his criminal trial, Shawnta Buckner, had used a false name and provided false identification (ECF No. 16, Amended Complaint, at ¶ 18).

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v. Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or

---

Defendants' motions.

for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

Here, Plaintiff's claims against Defendant Bingle are clearly judicial in nature. As a result, Defendant Bingle is immune from liability under the doctrine of absolute prosecutorial immunity and the claims against him should be dismissed.

### 3. Defendant Crosby

As noted earlier, although he was served with the complaint, Defendant Crosby has not filed any response, nor has an attorney entered an appearance on his behalf in this matter. Nonetheless, this Court has discretion to dismiss frivolous or malicious *in forma pauperis* claims under 28 U.S.C. § 1915(e) of the Prison Litigation Reform Act (hereinafter, "PLRA"). Wilson v. Rackmill, 878 F3d 772, 774 (3d Cir. 1989). Section 1915(e) provides that "[t]he court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted...." A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). A plaintiff has failed to allege a viable claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). The U.S. Supreme Court has instructed that section 1915(e) provides the Court not only with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of

the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Here, Plaintiff has failed to allege the basis for any constitutional claim against Defendant Crosby. In essence, Plaintiff merely alleges that Crosby, along with another co-defendant, were the ones responsible for committing the assault in which Plaintiff was ultimately convicted of taking part. This fails to state a cognizable legal claim upon which relief may be granted. Moreover, in order to prevail on a Section 1983 claim, Plaintiff must establish that Defendant Crosby acted under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). Otherwise, there is no basis for jurisdiction under Section 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Clearly, Plaintiff has neither alleged, nor can he establish, that Defendant Crosby was a state actor or that his conduct was "fairly attributable to the state." See Lugar v. Edmundson Oil Co., 457 U.S. 922, 937 (1982). Thus, Plaintiff's claim(s) against Defendant Crosby should be dismissed *sua sponte* pursuant to the Court's authority under the Section 1915(e) of the PLRA.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The motion to dismiss filed on behalf of Defendants Judge Garhart, Zinchini, Wood, Wolbert, Yochim, Stainbrook, Territo, Spizarny, Warren, K. Scarpitti, Sheely, and Romecki [ECF No. 29] be granted;

2. The motion to dismiss filed on behalf of Defendant Thompson [ECF No. 43] be granted;

3. The motion to dismiss filed on behalf of Defendants Snyder, DiLullo, Smith, and Doe [ECF No. 47] be granted; and

4. The motion to dismiss filed on behalf of Defendants Connelly, Bingle, Bickel, Fryling, and A. Scarpitti [ECF No. 50] be granted.

It is recommended further that the claims against Defendant Crosby be dismissed as frivolous pursuant to 28 U.S.C. §1915(e).

By virtue of the foregoing, this case should be dismissed in its entirety and be marked closed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

s/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: January 16, 2014

cc: The Honorable Joy Flowers Conti  
     Chief United States District Judge